## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Regina Heilman-Ryan, Steve Keister, and Desiree Meyer, on behalf of themselves and all others similarly situated,

                           Plaintiffs.

v.

ZF TRW Automotive Holdings Corp. and FCA US LLC,

                         Defendants.

No. 2:19-cv-11464

**COMPLAINT—CLASS ACTION**

**DEMAND FOR JURY TRIAL**

# Table of Contents

I.  INTRODUCTION ..................................................................................................3

II.  PARTIES ..............................................................................................................6

    A.  Defendants......................................................................................................6

    B.  Plaintiffs ........................................................................................................8

III.  JURISDICTION AND VENUE .....................................................................9

IV.  FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS ..................10

    A.  The Airbag Control Unit Defect and Investigation...........................11

    B.  Defendants Knew About the ACU Defect ........................................16

    C.  Defendants Concealed the Defect ....................................................25

V.  CLASS ACTION ALLEGATIONS............................................................29

    A.  Class Definitions ..............................................................................29

    B.  Class Certification Requirements.....................................................31

VI.  EQUITABLE TOLLING ............................................................................36

    A.  Discovery Rule .................................................................................36

    B.  Fraudulent Concealment ..................................................................37

    C.  Estoppel ...........................................................................................37

VII.  CLAIMS FOR RELIEF.............................................................................38

    A.  Claims Asserted on Behalf of the Nationwide Class .......................38

    COUNT I Breach of Implied and Written Warranty Magnuson -
    Moss Warranty Act (15 U.S.C. §§ 2301, et seq.) .............................38

    COUNT II Fraud By Concealment..........................................................41

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COUNT III Violation of the Michigan Consumer Protection
Act (Mich. Comp. Laws § 445.903, *et seq.*) .....................................45

B.      Claims Brought On Behalf of the State Classes ..............................51

COUNT IV Violation of the Nevada Deceptive Trade Practices
Act (Nev. Rev. Stat. § 598.0903, et. seq.)........................................51

COUNT V Breach of the Implied Warranty of Merchantability
(Nevada) (Nev. Rev. Stat. §§ 104.2314 and 104A.2212) ................54

COUNT VI Violation of the Wyoming Consumer Protection
Act (Wyo. Stat. §§ 40-12-101, *et seq.*) ............................................56

COUNT VII Breach of the Implied Warranty of
Merchantability (Wyoming) (Wyo. Stat. §§ 34.1-2-314
and 34.1-2.A-212) ..............................................................................60

COUNT VIII Breach of the Implied Warranty of
Merchantability (Wisconsin) (Wisc. Stat. §§ 402.314 and
411.212)..............................................................................................61

COUNT IX Violation of the Wisconsin Deceptive Trade
Practices Act (Wisc. Stat. § 100.18) ..................................................62

COUNT X Violation of the South Dakota Deceptive Trade
Practices and Consumer Protection Act (S.D. Codified
Laws § 37-24-6) .................................................................................66

COUNT XI Breach of the Implied Warranty of Merchantability
(South Dakota) (S.D. Codified Laws §§ 57A-2-314 and
57A-2A-212) ......................................................................................69

VIII.   PRAYER FOR RELIEF ............................................................................71

IX.     DEMAND FOR JURY TRIAL ..................................................................73

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs bring this action on behalf of themselves and all others similarly situated against Defendant ZF TRW Automotive Holdings Corp. ("ZF-TRW"), and Defendant FCA US LLC ("Fiat Chrysler" or "FCA"), Plaintiffs allege the following based upon information and belief, the investigation of counsel, and personal knowledge as the factual allegations pertaining to themselves.

## I.     INTRODUCTION

1.     This case arises out of a longstanding and knowing failure by automakers and a major parts supplier to disclose a potentially deadly defect in an essential safety system: the control unit that determines whether and when airbags are deployed.

2.     The defect involves an Airbag Control Unit ("ACU") designed and manufactured by Defendant ZF TRW Automotive Holdings Corp. and supplied to numerous vehicle manufacturers, including Defendant Fiat Chrysler. The ACU defect is especially pernicious because it manifests itself only when an accident occurs and the safety features it controls are most needed: in a crash, an integrated circuit integral to the ACU system can be overstressed by the electrical signals from the sensors connected to it and fail as a result, preventing deployment of the airbags and seatbelt pretensioners.

3.     The National Highway Traffic Safety Administration has announced that approximately 12.3 million vehicles may contain a defective ACU. Much like

COMPLAINT—CLASS ACTION- 3

the recent Takata airbag scandal—which has involved tens of millions of vehicles and has resulted in a massive recall and $1.5 billion in class action settlements so far—these Defendants concealed and failed to disclose a dangerous and potentially deadly defect in essential automotive safety systems from their customers. Each Defendant knew about the defect for years before they took any action to inform consumers or repair defective vehicles.

4.     ZF-TRW begain investigating airbag failures in vehicles equipped with ZF-TRW ACU systems, but did not inform NHTSA of any problem until late in 2015. FCA began investigating in 2015 and issued a partial recall for some vehicles in 2016 while continuing to avoid a recall of all affected vehicles. Numerous injuries and several deaths have occurred as a result of the defect, and the risk remains unmitigated in millions of vehicles. According to the Associated Press, these failures may have killed at least four people and injured another six.

5.     In short, ZF-TRW apparently conspired with FCA to conceal a dangerous and potentially defect that already existed in millions of vehicles in order to continue selling defective parts for installation in new vehicles. As a result of this conduct, Plaintiffs and members of the putative classes alleged herein suffered actual damages, because they did not receive the benefit of their bargain in purchasing or leasing affected vehicles.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.      Class Vehicles include the 2010-2011 Model Year ("MY") Dodge Nitro, 2009 MY Dodge Ram 1500, 2010 MY Dodge Ram 3500, 2012-2019 MY Fiat 500, 2015-2017 MY Jeep Compass, 2010-2012 Jeep Liberty, 2015-2017 MY Jeep Patriot, 2010-2018 MY Jeep Wrangler, 2009-2012 MY Ram 1500, 2010-2012 MY Ram 2500, 2010-2012 Ram 3500, 2011-2012 MY Ram 4500, and 2011-2012 MY Ram 5500. The list of class vehicles may expand as discovery proceeds.

7.      The vehicles purchased or leased by Plaintiffs and members of the putative classes are and were at the time of purchase of a lesser standard and quality than represented and were fit for the ordinary purpose of providing safe transportation for which they were purchased. Each purchaser or lessee of an affected vehicle paid more than they would have if the truth about the ACU defect had been disclosed to them. Meanwhile, each Defendant profited from the continued installation of defective parts in new vehicles and the delay in recalling their dangerously defective products. The Defendants' concealment of the true nature of the affected vehicles induced and caused the Plaintiffs and members of the classes to purchase and/or lease, and to continue to own, lease, and/or operate, Jeep, Ram, and Dodge vehicles of diminished value. Plaintiffs and Class members have also suffered damages in the form of out-of-pocket costs related to the loss of use of affected vehicles.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.   PARTIES

### A.   Defendants

8.      Defendant **ZF TRW Automotive Holdings Corp.** is a major automotive parts supplier. ZF-TRW is incorporated in Delaware and is headquartered at 12001 Tech Center Drive, Livonia, Michigan. ZF-TRW was formed in May 2015 following the acquisition of predecessor entity TRW Automotive Holdings Corp. by German multinational parts supplier ZF Friedrichshafen AG.

9.      ZF-TRW is a major supplier of automotive parts, including safety systems, to auto manufacturers. ZF-TRW developed, designed, and supplied defective Airbag Control Unit parts for installation by FCA in the Class Vehicles with the knowledge and intention that these parts would be installed in vehicles sold in all 50 states and the District of Columbia.

10.     Defendant **FCA US LLC** is a Delaware limited liability company. FCA's principal place of business and headquarters is located in this District at 1000 Chrysler Drive, Auburn Hills, Michigan 48326. Chrysler Group LLC was acquired by the European holding company that also controls Fiat and other European manufacturers in January 2014, at which time Chrysler Group LLC was renamed FCA US LLC. FCA is a motor vehicle manufacturer and a licensed distributor of new, previously untitled motor vehicles. Like its predecessor,

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Chrysler, FCA is one of the "Big Three" American automakers, in addition to Ford and General Motors.

11.     FCA distributes and sells new and unused passenger cars and motor vehicles under the Chrysler, Dodge, Jeep, Ram, and Fiat brands. Major divisions of FCA include Mopar, its automotive parts and accessories division, and SRT, its performance automobile division. Among the motor vehicles FCA distributes and sells are the Class Vehicles.

12.     FCA and its agents have designed, manufactured, distributed, warranted, offered for sale, sold, and leased the Class Vehicles with the knowledge and intent to market, sell, and lease them in all 50 states and the District of Columbia, including in Michigan. FCA also developed and distributed the owners' manuals, warranty booklets, product brochures, advertisements, and other promotional materials relating to the Class Vehicles, with the intent that such documents should be distributed throughout all fifty states, including in Michigan. FCA is engaged in interstate commerce, selling vehicles through its network in every state of the United States.

13.     Dealers act as FCA's agents in selling and leasing the Class Vehicles under the Jeep, Ram, and Dodge brands and disseminating vehicle information provided by FCA to customers.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.     Plaintiffs**

14.     Plaintiff **Regina Heilman-Ryan**, a resident of Henderson, Nevada, owns a 2016 Jeep Wrangler. Plaintiff Heilman-Ryan purchased the Class Vehicle for approximately $34,599 in February 2019 from Clark County Credit Union. Plaintiff has received no information from ZF-TRW or FCA US LLC regarding the defective and potentially dangerous Airbag Control Unit, and does not believe the defective parts have been repaired or replaced. Plaintiff would not have purchased the Class Vehicle, or would have paid less for it, had she known that the vehicle contained the ACU defect.

15.     Plaintiff **Desiree Meyer,** a resident of Douglas, Wyoming, owns a 2012 Jeep Liberty. Plaintiff Meyer purchased the Class Vehicle for approximately $31,200 in June 2012 from Aberdeen Chrysler Center in Aberdeen, South Dakota. Plaintiff has received no information from ZF-TRW, Jeep, or FCA US, LLC regarding the defective and potentially dangerous Airbag Control Unit. Plaintiff would not have purchased the Class Vehicle had she known that the vehicle contained the AUC defect.

16.     Plaintiff **Steve Keister**, a resident of Hayward, Wisconsin, owns a 2010 Dodge Nitro. Plaintiff Keister purchased the Class Vehicle for approximately $20,295 in August 2011 from McKay's Family Dodge in Waite Park, Minnesota. Plaintiff has received no information from ZF-TRW or FCA regarding the

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

defective and potentially dangerous Airbag Control Unit, and does not believe the defective parts have been repaired or replaced. Plaintiff would not have purchased the Class Vehicle, or would have paid less for it, had he known that the vehicle contained the ACU defect.

## III.   JURISDICTION AND VENUE

17.    This Court has jurisdiction over this Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

18.    This Court has personal jurisdiction over Defendants because they both have their principal places of business with in this District, conduct business in Michigan, and have sufficient minimum contacts with Michigan.

19.    Venue is proper in this District under 28 U.S.C. § 1391(b) because both Defendants are headquartered within this District, conduct substantial business in this District, and a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District. FCA is headquartered in Auburn Hills, Michigan. ZF-TRW is headquartered in Livonia, Michigan.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

20.     Additionally, FCA has marketed, advertised, sold and leased the Class Vehicles in this District, and ZF-TRW has designed, manufactured, and supplied defective parts in this District, and both Defendants have thereby caused harm to Class Members residing in this District.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21.     FCA US LLC is part of the world's eighth largest automaker, with $38.29 billion in total assets. FCA manufactures and distributes new passenger cars and motor vehicles in the United States under the Chrysler, Dodge, Jeep, Ram and Fiat brands, and continues to report climbing sales. FCA reported that 2018 was their highest calendar year of retail sales in 17 years, with some brands increasing sales as much as 17%.

22.     Many of FCA's impressive sales figures are built on consumers' trust that their FCA vehicles would be safe to drive. But part of that trust was built on false pretenses. FCA worked with ZF-TRW, the manufacturer and supplier of the defective airbag control system at issue here, to conceal the true nature of these important safety systems and the vehicles that contained them from consumers for years. This allowed FCA to continue selling defective vehicles to unsuspecting consumers while avoiding the costs of recalls and replacements for years, as well as lost sales due to consumer distrust in the safety of FCA products. ZF-TRW

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

participated in this concealment throughout and continued to profit by providing

defective parts.

## A.   The Airbag Control Unit Defect and Investigation

23.    An automobile airbag has one job: to operate as a safety device when

vehicle occupants are at risk of sustaining injuries in a collision. To work, an

automotive airbag must quickly and effectively deploy when required. In the Class

Vehicles equipped with ZF-TRW Airbag Control Units (ACU), a defective ACU

may fail to deploy during a collision—the one time an airbag is needed—due to

electrical overstress (EOS).

24.    EOS occurs when a specific electronic component (called an

application specific integrated circuit, or ASIC) experiences a voltage or current

beyond its specified limit.[1] In effect, it means that this component is overloaded by

precisely the electrical signal from a crash sensor that is supposed to trigger airbag

(and seatbelt pretensioner) deployment, instead resulting in an overloaded and

useless ASIC.

25.    Failure of the ASIC due to this condition can prevent appropriate

airbag and seatbelt pretensioner deployment just when these safety features are

needed most. According to the National Highway and Traffic Safety

---

[1] Matthew Schwartz, *Government Expands Airbag Investigation To Include More Than 12 Million Vehicles*, NPR (Apr. 24, 2019), https://www.npr.org/2019/04/24/716614132/government-expands-air-bag-investigation-to-include-more-than-12-million-vehicle (last visited May 2, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Administration (NHTSA), ZF-TRW ACUs "may suffer electrical overstress due to harmful signals (electrical transients) produced by the crash event, causing the unit to stop working during the crash."[2]

26.     NHTSA has initiated a probe into the defect, which has caused airbags and seatbelt pretensioners to fail to deploy after collision in FCA vehicles. According to the Associated Press, these failures may have killed at least four people and injured another six.

27.     While the ACU was developed with electrical circuitry to protect the ASIC from electrical circuit-limit issues (such has the EOS condition described above), these protections are ineffective when they matter most as a result of the defect described here. The ACU is located inside the passenger compartment. The electrical wiring connecting the ASIC to sensors is located at the front of the vehicle. During a collision, that crash event produces electrical signals, delivered from the sensors to the ACU via wiring that runs through the ASIC. The nature of the defect is that these signals—the signals that the ACU is supposed to interpret in order to trigger airbag and seatbelt pretensioner deployment—themselves overload and damage the ASIC and render the ACU useless, preventing airbag and seatbelt pretensioner deployment.[3]

---

[2] ODI Resume: Airbag ACU Electrical Overstress, NHSTA Office of Defects Investigation (Apr. 19, 2019), https://static.nhtsa.gov/odi/inv/2019/INOA-EA19001-2536.PDF [hereinafter ODI Resume].
[3] *Id.*

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

28.    For consumers who own and lease the Class Vehicles, this defect poses a high risk of injury and likely decreases the value of vehicles purchased in part due to reasonable expectations of safety.

29.    Numerous complaints, injuries and deaths caused by this potentially deadly defect sparked a series of investigations and recalls. Investigations of the airbag failures in FCA vehicles equipped with ZF-TRW ACU systems were initiated by ZF-TRW in 2011 and FCA in 2015.

30.    FCA issued a partial recall for vehicles with this defect in September 2016. However, the potentially deadly defect still exists in Class Vehicles and owners of lessees of those vehicles have yet to be notified.

31.    The 2016 partial recall involved 2011-2014 MY Chrysler 200, 2010 MY Chrysler Sebring, 2010-2014 MY Dodge Avenger, 2010-2014 MY Jeep Compass, 2010-2014 Jeep Patriot and 2010-2012 MY Dodge Caliber vehicles supplied with ZF-TRW ACU devices. The vehicles' loss of airbag and seatbelt pretensioner deployment capability during crash events is due to a shorting condition in which a negative voltage transient travels to the Occupant Restraint Controller ("ORC")—FCA's terminology for the ZF-TRW ACU device—via the front impact sensor wires damaging the ASIC in the OCR.

32.    According to the NHTSA Recall Report, over 1,425,000 vehicles

COMPLAINT—CLASS ACTION- 13

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

were covered by the partial recall, 100% of which were affected by the defect.[4]

33.     The recall noted that the defect condition had been observed in vehicles supplied with sensor harnessing routed across the front of the vehicle. Other FCA vehicles equipped with the same ZF-TRW ACU devices but not the cross-car harnessing have yet to be recalled.[5]

34.     FCA's recall was insufficient in protecting consumers. NHTSA's Office of Defects Investigation is currently analyzing the susceptibility of ZF-TRW ACU devices in FCA vehicles to electrical signals that damage the ASIC and lead to airbag nondeployment.[6]

35.     Vehicle manufacturers supplied by ZF-TRW have known of the defect in ZF-TRW for years, and FCA's 2016 recall is one of several filed to address ZF-TRW airbag nondeployment due to ASIC damage.

36.     In March 2017, NHTSA opened an investigation involving the ZF-TRW ACU parts installed in Hyundai and Kia vehicles in order to discover why airbags and seatbelt pretensioners were not deploying in frontal collisions.[7]

37.     By 2018, safety recalls were issued by Hyundai and Kia for certain vehicles equipped with an airbag system in which the ACU was susceptible to EOS

---

[4] Part 573 Safety Recall Report 16V-668, NHTSA (Sept. 13, 2016) https://static.nhtsa.gov/odi/rcl/2016/RCLRPT-16V668-8284.pdf.
[5] ODI Resume, *supra* note 2.
[6] *Id.*
[7] Tom Krisher, *US expands probe into airbag failures to 12.3M vehicles*, The Associated Press (Apr. 23, 2019), https://www.apnews.com/0a9f1191d3624327a04865c590825229 (last visited May 2, 2019).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

during certain frontal crash events—the same product utilized by FCA. But because the Hyundai, Kia, and FCA recalls covered only a small portion of affected vehicles, they were ultimately misleading: a recall of numerous vehicles that purports to resolve a defect tends to lead owners of other, similar vehicles to believe that their vehicles are not affected. Here, though, the 2016 FCA recall and the 2018 Kia and Hyundai recalls did not come close to solving the entire problem.

38.     Hyundai's February 27, 2018 recall of 154,753 potentially affected vehicles equipped with ZF-TRW ACUs[8] was expanded on April 18, 2018 to include an additional 425,305 affected vehicles.[9] On June 1, 2018, Kia recalled 507,587 potentially affected vehicles.[10] All the vehicles were equipped with ZF-TRW ACU devices manufactured in MYs 2010-2013. FCA's 2016 recall addressed the same ACU defects from the same devices produced within nearly the same timespan (2010-2014).

39.     The recalled vehicles' ACU systems all contained a ZF-TRW ASIC susceptible to EOS during crash events. As the NHTSA Safety Recall reports describe the defect, "if the ASIC becomes damaged, the front airbags and seatbelt pretensioners may not deploy in certain frontal crashes where deployment may be

---

[8] Part 573 Safety Recall Report for NHTSA Recall No. 18V-137 (Feb. 27, 2018),
   https://static.nhtsa.gov/odi/rcl/2018/RCLRPT-18V137-5161.PDF.
[9] *2013 Hyundai Sonata, Airbags/Seat Belt Pretensioners may be Disabled Recall,* NHTSA (Feb. 27, 2018),
   https://www.nhtsa.gov/vehicle/2013/HYUNDAI/SONATA#recalls.
[10] Part 573 Safety Recall Report for NHTSA Recall No. 18V-363 (Jun. 1, 2018)
   https://static.nhtsa.gov/odi/rcl/2018/RCLRPT-18V363-7061.PDF.

COMPLAINT—CLASS ACTION- 15

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

necessary, thereby increasing the risk of injury." The reports further cite

inadequate circuit protection as the cause of the defect.[11]  The investigations into

the ACU system defects in these vehicles and the recalls they led to were sparked

by four deaths and six injuries.[12]

40.     These recalls were only signs of a much broader and more insidious

issue with ZF-TRW ACUs in FCA vehicles. On April 19, 2019, NHTSA's Office

of Defects Investigation announced the expansion of its investigation into ZF-

TRW ACUs in various MY 2010 to 2019 vehicles. The total population of vehicles

equipped with hazardous and defective ACU systems, according to NHTSA, is

more than 12.3 million in the U.S. alone.[13]

41.     Defendants FCA and ZF-TRW knew or should have known of the

extent of the ACU defects. Yet the 2016 recall issued by FCA was limited and

allowed for deadly and dangerous vehicles to stay on the road while leading these

vehicles' owners or lessees to believe that the problem was being addressed in full,

if they were aware of the limited recall at all.

## B.     Defendants Knew About the ACU Defect

42.     As early as August 2011, Defendant ZF-TRW was aware of an issue

---

[11] *Id.*

[12] Tom Krisher, *US probes 4 deaths in Hyundai-Kia cars when airbags failed*, The Associated Press (Mar. 17, 2018), https://apnews.com/3ef0e4356d3b4478aaf4c5a66a363fb0 (last visited May 3, 2019).

[13] ODI Resume, *supra* note 2.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

with the ACU system in ZF-TRW airbags. After a vehicle containing a ZF-TRW ACU failed to deploy airbags during a crash event in China, it was requested that supplier ZF-TRW analyze the incident. At the time, the cause of the event was described as a commanded nondeployment—that is, an incident in which the ACU processed the signals from the sensors that detected the crash and told the airbags not to deploy.[14]

43.     In February 2012, ZF-TRW was again enlisted for assistance and explanation of a collision involving a vehicle in which its ACU device failed. Further inspection in June 2012 of the ACU showed that the ASIC component in the ACU had been damaged by an EOS condition.[15]

44.     In March 2012, ZF-TRW analyzed a vehicle crash in Egypt in which the airbags did not deploy, observing that the damage on the ASIC was consistent with EOS. Once again, the incident was described as a commanded nondeployment.[16]

45.     In March 2014, a lawsuit was filed against Kia alleging nondeployment of frontal airbags in a Kia vehicle supplied with a ZF-TRW

---

[14] TRW Automotive Inc. (ZF) Chronology, NHTSA (last updated June 13, 2018), https://static.nhtsa.gov/odi/rcl/2018/RMISC-18E043-5831.pdf [hereinafter ZF Chronology].
[15] 573 Defect Information Report for Recall 174 Attachment A, NHTSA (last updated Apr. 18, 2018) https://static.nhtsa.gov/odi/rcl/2018/RMISC-18V137-8310.pdf [hereinafter Hyundai Chronology].
[16] *Id.*

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

ACU.[17]

46.    On April 6, 2015, FCA contacted its Vehicle Safety and Regulatory

Compliance ("VSRC") organization to investigate two ZF-TRW ACUs involved in

frontal collisions with no airbag deployment. At this time, FCA engineering

confirmed ASIC EOS occurred in both incidents.[18]

47.    On April 8, 2015, FCA identified another incident in which the ASIC

in the ACU also sustained EOS damage.[19]

48.    In these three incidents, the damaged ASIC prevented the ACU's

microcontroller from operating by drawing excessive current from the ACU power

supply. This damage explains why the ACUs were unable to communicate with the

Crash Data Retrieval ("CDR") tool.[20]

49.    Also on April 8, 2015, FCA reviewed a document that had been

submitted by ZF-TRW addressing this defect as a potential warranty concern.[21]

50.    On April 15, 2015, FCA engineering informed the VRSC of a design

change introduced on 2015 MY Jeep Patriot, Jeep Wrangler, Jeep Cherokee, and

Dodge Dart vehicles, along with 2016 MY Chrysler 200 to prevent ASIC EOS in

---

[17] Forte, Forte Koup, Optima, Optima Hybrid, Sedona ACU Chronology, NHTSA (last updated May 28, 2018), https://static.nhtsa.gov/odi/rcl/2018/RMISC-18V363-5570.pdf [hereinafter Kia Chronology].
[18] FCA US LLC Chronology Occupant Restraint Controller Electrical Overstress (last updated Sept. 13, 2016), https://static.nhtsa.gov/odi/rcl/2016/RMISC-16V668-4323.pdf [hereinafter FCA Chronology].
[19] Id.
[20] Id.
[21] Id.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

ACUs, indicating that they were well aware of the problem.[22]

51.    On the same day, VSRC was made aware of six collisions associated with no frontal airbag deployment. No public warnings emerged after the analysis of these crashes.[23]

52.    Between March and June 2015, ZF-TRW was asked by Kia to obtain and analyze data from an incident involving ACU failure. ZF-TRW was unsuccessful in accessing the data. An engineering consultant concluded that the front impact sensors ("FIS") were compromised before the airbag signal could be transmitted. Kia and ZF-TRW were aware that damage to the FIS compromised airbag response.

53.    On June 26, 2015, ZF-TRW proposed that ASIC EOS failure could be caused by an electrical transient generated during the crash under the conditions of a front sensor signal wire and high current power feed simultaneously shorted to vehicle chassis and subsequently the power feed short opens.[24] However, ZF-TRW had known about the role of EOS in ACU failure since August 2011 when it examined its ACU failure in the crash event in China.[25]

54.    At or around this time, ZF-TRW knew the extent of the ACU problem

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] ZF Chronology, *supra* note 14.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and began advising car manufacturers about the problem without any indication to the public that there could be something wrong with the safety systems in their vehicles. In the summer of 2015, ZF-TRW advised Kia that NHTSA was investigating a wide range of models, including FCA vehicles, with ZF-TRW ACUs due to the possibility of airbag and seatbelt pretensioner nondeployment.[26] By this time, on information and belief, FCA was aware of how widespread the ACU defect was, but did not act.

55.     On August 21, 2015, FCA conducted a review of the sensor wiring architecture in FCA vehicles containing ZF-TRW ACUs, finding differences between signal wires routed together on the left side of the vehicle and signal wires routes independently along the left and right side of the engine compartment. On August 28, 2015, FCA provided ZF-TRW with data from another crash incident to analyze.[27]

56.     On September 15, 2015, FCA received a lab report from ZF-TRW confirming that a negative transient creates an ASIC EOS event at the same instant a microcontroller reset occurs.[28]

57.     On October 14, 2015, FCA received a report from ZF-TRW that a crash incident under investigation involved yet another ASIC EOS failure. On

---

[26] Id.
[27] Id.
[28] Id.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

October 28, FCA received another report of another incident with the same

finding. On November 18, 2015, FCA again received a report from ZF-TRW

confirming ASIC EOS failure had occurred in another incident. In total, more than

eleven events with ASIC EOS either "known" (six), "suspected" (four) or

"unknown" (one) in crash events in which airbags did not deploy were analyzed by

FCA and ZF-TRW before any action was taken or public information

disseminated.[29]

58.     Investigations of airbag nondeployment incidents in ZF-TRW ACUs

continued. ZF-TRW gathered data on six more vehicle incidents involving airbag

nondeployment between February and December 2015, once again attributing the

defect to damage to the ASIC components consistent with EOS.[30]

59.     On February 5, 2016, ZF-TRW met with NHTSA to discuss the EOS

issues observed on its ACUs and the consequential nondeployment of airbags and

seatbelt pretensioners.[31] This same day, ZF-TRW advised manufacturers it worked

with that it had provided information to NHTSA regarding all manufacturers that

used the affected ACU and ASIC parts.[32]

60.     At that point, years after Defendants knew or should have known

---

[29] *Id.*
[30] *Id.*
[31] ZF Chronology, *supra* note 14.
[32] Kia Chronology, *supra* note 17.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

about the defect, or were reckless in not knowing about it, no information had been provided to consumers.

61.     On March 3, 2016, FCA met with NHTSA to discuss the status of the vehicles equipped with ACUs at risk of ASIC EOS. Investigations into ASIC EOS conditions continued through August 2016 with no changes in conclusion.

62.     On August 9, 2016, FCA engineering was fully aware of the technical problem:

> The root cause of the ASIC EOS failures was determined to be a combination of the relative susceptibility of the subject ORC ASIC to negative transients and the front acceleration sensor signal cross-car wire routing. Based on analysis and testing to date, the subject ORC/ASIC design and front occurrence of ASIC EOS, resulting in the potential loss of airbag and seat belt pretensioner deployment capability in such events.[33]

63.     Almost a month later, FCA determined that MY 2010-2014 Jeep Compass and Jeep Patriot vehicles produced between February 24, 2009 and August 13, 2014 at the Belvidere Assembly Plant; MY 2010-2012 Dodge Caliber vehicles produced between August 10, 2009 and December 17, 2011 at the Belvidere Assembly Plant; and MY 2010-2014 Chrysler Sebring and Dodge Avenger vehicles produced between February 18, 2009 and February 14, 2014 at the Sterling Heights Assembly Plant were all susceptible to ASIC EOS that

---

[33] FCA Chronology, *supra* note 18.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

contributed to a loss of airbag and seatbelt pretensioner deployment capability in certain crashes.[34]

64.     Though FCA and ZF-TRW knew that ASIC EOS had been the source of the ACU defect since April 8, 2015 at least, FCA waited until September 2016 to conduct a safety recall. On September 13, 2016, FCA issued a recall of 1.4 million vehicles because of the same ZF-TRW ACU defect still present and unaddressed in Class Vehicles.[35]

65.     This recall was insufficient—some, but not all, FCA vehicles with ZF-TRW ACU devices subject to failure and similar front sensor cross-car wiring designs that create the conditions for airbag nondeployment, were recalled.

66.     The Defendants' slow response to a dangerous and potentially deadly problem for which they were responsible, regarding a technological issue about which they knew or should have known as far back as 2011, was insufficient. On September 23, 2016, NHTSA requested data for itself and consumers from ZF-TRW pertaining to its supply of ACUs with certain ASICs.[36]

67.     On information and belief, ZF-TRW was informed by Hyundai and Kia that NHTSA was requesting information about incidents involving defective ACUs and consequential airbag nondeployment in January/February 2018. During

---

[34] *Id.*
[35] Part 573 Safety Recall Report NHTSA No. 16V-668, *supra* note 4.
[36] *Id.*

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

a meeting on February 21, 2018, ZF-TRW, Kia and Hyundai noted that the

circumstances associated with the defect mechanism bore many similarities to

recall campaign 16V-668, where EOS was the root cause of airbag nondeployment

during collisions in FCA vehicles that used ZF-TRW ACU parts.[37]

68.     On February 22, 2018, "ZF-TRW asserted that EOS on the ACU

could be caused by negative transients originating from certain vehicle components

such as the wire harness connecting the ACU to the frontal crash sensors, and

could be prevented by circuit protection installed in ACU's used by later model

year (2013+) Hyundai Sonatas."[38] The Class Vehicles contain the same or similar

ACU systems susceptible to essentially the same dangerous defect, but no

measures have yet been taken by Defendants to get these dangerous vehicles off

the road. Instead, and although Defendants had been certain of the source of the

defect and aware of a fix, FCA deceived consumers about the extent of the issue in

Class Vehicles with the same ACU systems, limiting the investigation and recall to

2011-2014 MY Chrysler 200, 2010 MY Chrysler Sebring, 2010-2014 MY Dodge

Avenger, 2010-2014 MY Jeep Compass, 2010-2014 Jeep Patriot and 2010-2012

MY Dodge Caliber vehicles.

69.     The presence of the same defective ZF-TRW ACU parts in other

---

[37] Hyundai Chronology, *supra* note 15.
[38] *Id.*

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

vehicle makes and models also warrants proper safety precautions to be taken by those responsible for creating the safety hazards.

70.    But even after several recalls, Defendants failed to tell consumers that certain new vehicles could be equipped with defective airbags and seatbelt pretensioners.

71.    NHTSA's statement on April 19, 2019 announced the expansion of its investigation of this ACU defect—the EOS condition in the ASIC—to more than 12.3 million vehicles, including additional FCA models.[39]

72.    Defendants were aware of the defects in their products, yet delayed reporting until the last possible moment. Even then, the vehicle recalls did not go far enough to adequately cover the affected vehicles and prevent more deaths and injuries from ACU defects from occurring. Defendants deliberately concealed ACU defects from the public as long as they could, worked together to conceal the true causes, and misrepresented the severity and breadth of the defect, abdicating their responsibility to prevent the possibility of death, injury and/or hazard that faced consumers.

## C.    Defendants Concealed the Defect

73.    Defendants misled consumers about the safety of FCA vehicles. A

---

[39] ODI Resume, *supra* note 2.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

reasonable consumer purchases a car assuming that in the unfortunate event of a collision, airbags and seatbelt pretensioners will deploy appropriately and as advertised, and seat belt mechanisms will function.

74.     Defendants advertised to consumers that the vehicles they were selling were safe and reliable despite the fact that for many years, Defendants knew that vehicles equipped with ZF-TRW ACU systems could potentially experience EOS upon impact.

75.     For example, FCA advertises that the 2017 Jeep Patriot "helps protect you with a multitude of standard and available safety and security features. A total of six airbags, including supplemental front seat-mounted side airbags, come



COMPLAINT—CLASS ACTION- 26

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

standard."[40] A reasonable consumer would assume that those safety features will function properly at the times they are needed most.

76.    Nearly 1.25 million people die in road crashes each year—on average, 3,287 deaths per day.  Car manufacturers are responsible for protecting consumers from preventable injuries. FCA advertises that the 2018 Fiat 500 has seven functional airbags, encouraging consumers to "[d]rive confidently with the knowledge that you are protected by seven airbags. Rest assured with advanced multistage driver and front passenger airbags, a driver's knee airbag, full-length

---

[40] *2017 Jeep Patriot,* FCA US LLC, https://www.jeep.com/patriot.html/x (last visited May 14, 2019).

COMPLAINT—CLASS ACTION- 27

side-curtain airbags and seat-mounted pelvic-thoracic airbags."[41] None of these airbags is useful if the ACU does not deploy them when they are needed.

77.   ZF-TRW began investigating the ACU defect caused by EOS began in 2011. FCA's own investigation began in April 2015. Defendants misrepresented



the results of these investigations, categorizing the ASIC EOS source of airbag nondeployment during crash events as "known" or "suspected," but failing to draw

---

[41] *2018 Fiat 500*, FCA US LLC https://www.fiatusa.com/500/safety-security.html (last visited May 14, 2019).

COMPLAINT—CLASS ACTION- 28

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

conclusions or act. But as long ago as August 2011, ZF-TRW concluded that

damage on the ASIC was consistent with an EOS condition resulting from a crash-

related signal. Ever since, Defendants misled and continue to mislead the public to

believe that the cars equipped with the same ACUs, built with the same defective

ASICs, will protect drivers and passengers in the unfortunate event of a collision.

78.    Defendants advertised and promised functional safety features in their

vehicles and airbags. Had the truth about the Class Vehicles been known by

consumers, they would have reasonably made different purchasing choices.

## V.    CLASS ACTION ALLEGATIONS

### A.    Class Definitions

79.    Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of

Civil Procedure, Plaintiffs bring this action on behalf of themselves, the

Nationwide Class, and State Classes, defined as:

**Nationwide Class:**

All persons or entities in the United States (including its territories
and the District of Columbia) who purchased or leased a Class
Vehicle.

80.    In addition to the Nationwide class, and pursuant to Federal Rules of

Civil Procedure Rule 23(c)(5), Plaintiffs seek to represent the following State

Classes as well as any subclasses or issue classes as Plaintiffs may propose and/or

the Court may designate at the time of class certification:

COMPLAINT—CLASS ACTION- 29

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Nevada State Class:**

All persons or entities in the state of Nevada who purchased or leased a Class Vehicle.

**Wyoming State Class:**

All persons or entities in the state of Wyoming who purchased or leased a Class Vehicle.

**Wisconsin State Class**:

All persons or entities in the state of Wisconsin who purchased or leased a Class Vehicle.

**South Dakota Class**:

All persons or entities in the state of South Dakota who purchased or leased a Class Vehicle.

81.     Excluded from the Classes are individuals who have personal injury claims resulting from the conduct and defects alleged herein; Defendants and their subsidiaries, affiliates, and officers; all persons who timely elect to exclude themselves from the Classes; and the Judge to whom this case is assigned and his or her immediate family. Plaintiffs reserve the right to revise the Class definitions based on information learned through discovery.

82.     Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims regarding liability and entitlement to damages on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

claim. This action has been brought and may be properly maintained on behalf of the Nationwide Class and/or State Class proposed herein under Federal Rule of Civil Procedure 23.

83.     Plaintiffs reserve the right to modify the definition of the Nationwide and/or any State Class prior to class certification.

**B.      Class Certification Requirements**

84.     **Numerosity: Rule 23(a)(1):**  The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe, based on available information on the volume of sales and recalls of Class Vehicles, that there are no fewer than 500,000 members of the Class. The precise number of Class members may be ascertained from Defendants' records and vehicle registration records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notice.

85.     **Commonality and Predominance: Rules 23(a)(2) and 23(b)(3):** This action involves significant common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

a.      Whether Defendants engaged in the conduct alleged herein;

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

b.      Whether Defendant FCA designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

c.      Whether Defendant ZF-TRW designed, manufactured, and distributed defective ACU parts for installation in Class Vehicles;

d.      Whether the Class Vehicles have the defect alleged herein, and whether that defect constitutes a safety defect;

e.      Whether Defendants knew or should have known that the Class Vehicles contained defects as alleged herein;

f.      Whether a reasonable consumer would consider the defects alleged herein and their consequences material to the decision to purchase or lease a Class Vehicle;

g.      When Defendants discovered, knew, or should have known of the existence of the defects alleged herein;

h.      Whether Plaintiffs and the other Class members overpaid for their Class Vehicles as a result of the defects and Defendants' concealment thereof;

i.      Whether Defendants had a duty to disclose the true nature of the Class Vehicles to Plaintiffs and Class members;

COMPLAINT—CLASS ACTION- 32

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

j.      Whether Plaintiffs suffered out-of-pocket losses as a result of the defects alleged herein and whether they will suffer out-of-pocket losses as a result of any proposed recall;

k.      Whether Defendants omitted, concealed, and/or failed to disclose material facts about the Class Vehicles;

l.      Whether Defendants' concealment of the true nature of the Class Vehicles would have induced a reasonable consumer to act to his or her detriment by purchasing and/or leasing the Class Vehicles;

m.      Whether Defendants' conduct as alleged herein was likely to mislead a reasonable consumer;

n.      Whether the Class Vehicles are unfit for the ordinary purposes for which they were sold;

o.      Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class members;

p.      Whether Defendants' conduct tolls any or all applicable limitations period by acts of fraudulent concealment, application of the discovery rule, or estoppel;

q.      Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief;

COMPLAINT—CLASS ACTION- 33

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

r.      Whether Plaintiffs and the other Class members are entitled to

damages and other monetary relief and, if so, in what amount; and

s.      Whether Defendants continue to unlawfully conceal and

misrepresent whether additional vehicles, besides those reported in the press

to date, are in fact Class Vehicles.

86.     **Typicality: Rule 23(a)(3):** Plaintiffs' claims are typical of the claims

of the Class members whom they seek to represent under Federal Rule of Civil

Procedure 23(a)(3), because Plaintiffs and each Class member purchased a Class

Vehicle and were similarly injured through Defendants' wrongful conduct as

described above. Plaintiffs and the other Class members suffered damages as a

direct, proximate result of the same wrongful practices by Defendants. Plaintiffs'

claims arise from the same practices and courses of conduct that give rise to the

claims of the other Class members. Plaintiffs' claims are based upon the same legal

theories as the claims of the other Class members.

87.     **Adequacy: Rule 23(a)(4).** Plaintiffs will fairly and adequately

represent and protect the interests of the Class members as required by Federal

Rule of Civil Procedure 23(a)(4). Plaintiffs have retained counsel competent and

experienced in complex class action litigation, including vehicle defect litigation

and other consumer protection litigation. Plaintiffs intend to prosecute this action

vigorously. Neither Plaintiffs nor their counsel have interests that conflict with the

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

interests of the other Class members. Therefore, the interests of the Class members will be fairly and adequately protected.

88. **Declaratory and Injunctive Relief: Rule 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

89. **Superiority: Rule 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the Class to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# VI.   EQUITABLE TOLLING

## A.   Discovery Rule

90.     Plaintiffs and Class members did not discover, and could not have discovered through the exercise of reasonable diligence, Defendants' deception concerning the defects alleged herein.

91.     Plaintiffs and Class members could not have discovered through the exercise of reasonable diligence that Defendants were concealing the defects alleged herein. Unless a Class member experienced a failure of the airbag system to deploy in a crash, Plaintiffs and Class members would have no reason to discover the defects alleged herein, and even if they did experience such a failure, would have no reason to discover the existence of a widespread defect and effort to conceal it.

92.     Plaintiffs and Class members therefore did not discover, and did not know of, facts that would have caused a reasonable person to suspect that Defendants had concealed information about defects in the Class Vehicles until shortly before this action was filed.

93.     For these reasons, all applicable statutes of limitation have been tolled by operation of the discovery rule.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.     Fraudulent Concealment**

94.     All applicable statutes of limitation have also been tolled by Defendants' knowing, active and ongoing fraudulent concealment of the facts alleged herein. Defendants concealed the defects, minimized the cause, effects, and dangers of the defects, and failed to disclose or remedy the defects.

95.     Defendants have known of the defect for years—since at least 2016, if not considerably earlier—and subsequently learned more as reports of accidents in which airbags failed to deploy mounted and Defendants investigated. Defendants did not disclose the defect even to safety regulators until 2018, and even then concealed the true scope of the problem.

96.     As of May 17, 2019, NHTSA is investigating the problem, but neither ZF-TRW nor FCA have initiated a safety recall of the defective parts and vehicles.

97.     Thus, all applicable statutes of limitation have been tolled as result of Defendants' knowing, ongoing, and active concealment of the defect alleged herein.

**C.     Estoppel**

98.     Defendants were and are under a continuous duty to disclose to Plaintiffs and Class members the true nature of the Class Vehicles. Instead, they actively concealed the true and potentially dangerous character of the Class Vehicles. Plaintiffs and Class members reasonably relied on Defendants'

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

misrepresentations and omissions of these facts, and Defendants are therefore

estopped from relying on any statutes of limitation in defense of this action.

## VII.   CLAIMS FOR RELIEF

**A.      Claims Asserted on Behalf of the Nationwide Class**

### COUNT I
**Breach of Implied and Written Warranty
Magnuson - Moss Warranty Act (15 U.S.C. §§ 2301, et seq.)**

99.    Plaintiffs incorporate by reference all preceding allegations as though

fully set forth herein.

100.   Plaintiffs bring this Action on behalf of themselves and the

Nationwide Class against FCA.

101.   This Court has jurisdiction to decide claims brought under 15 U.S.C.

§ 2301 by virtue of 28 U.S.C. § 1332 (a)-(d).

102.   Plaintiff and members of the Class are "consumers" within the

meaning of 15 U.S.C. § 2301(3).

103.   FCA is a "supplier" and "warrantor" within the meaning of 15 U.S.C.

§ 2301(4) and (5), respectively.

104.   The Class Vehicles are "consumer products" within the meaning of

15 U.S.C. § 2301(1).

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

105.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

106.    The amount in controversy of Plaintiff's individual claims meets or exceeds $25.00 in value.  In addition, the amount in controversy meets or exceeds $50,000 in value (exclusive of interest and costs) on the basis of all claims to be determined in this lawsuit.

107.    FCA provided Plaintiff and each member of the Class with "written warranties" and "implied warranties," as identified above, which are covered under 15 U.S.C. § 2301(6) and (7), respectively.

108.    The terms of these warranties became part of the basis of the bargain when Plaintiff and each member of the Class purchased their Class Vehicles.

109.    FCA has breached these warranties. The Class Vehicles are defective, as described above, which resulted in the problems and failures also described above.

110.    By FCA's conduct as described herein, including knowledge of the defects inherent in the vehicles and FCA's action, and inaction, in the face of the knowledge, FCA has failed to comply with their obligations under their written and implied promises, warranties, and representations.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

111.   Affording FCA a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile. FCA has known of this dangerous defect for years and has failed to act, instead initiating a partial recall in 2016 while ignoring the same defect in the Class Vehicles. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff or members of the Class resort to an informal dispute resolution procedure and/or afford FCA a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied. Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action, and are not required to give FCA notice and an opportunity to cure, until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

112.   In its capacity as warrantor, and by the conduct described herein, any attempts by FCA to limit the implied warranties in a manner that would exclude coverage of the defects is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective software and supporting systems is null and void.

113.   All jurisdictional prerequisites have been satisfied.

114.   Privity of contract is not required here because Plaintiffs and each member of the Class are intended beneficiaries of FCA's implied and express

COMPLAINT—CLASS ACTION- 40

warranties. The warranty agreements were designed for and intended to benefit

consumers only. Finally, privity is also not required because the Class Vehicles are

dangerous instrumentalities due to the defect alleged herein.

115.   As a direct and proximate result of FCA's breach of the written and

implied warranties, Plaintiff and each member of the Class have suffered damages.

116.   Plaintiffs, individually and on behalf of the Class, seek all damages

permitted by law, including compensation for the monetary difference between the

Class Vehicles as warranted and as sold; compensation for the reduction in resale

value; the cost of purchasing, leasing, or renting replacement vehicles, along with

all other incidental and consequential damages, statutory attorney fees, and all other

relief allowed by law.

117.   The warranty laws of each state, which are incorporated into this claim,

are set forth below.

## COUNT II
## Fraud By Concealment

118.   Plaintiffs incorporate by reference all preceding allegations as though

fully set forth herein.

119.   Plaintiffs bring this Action on behalf of themselves and the

Nationwide Class or, in the alternative, on behalf of the State Classes, against all

Defendants.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

120.     FCA failed to disclose the defect in each of the Class vehicles and represented that the vehicles were equipped with airbags. Through advertisements and other avenues, FCA consistently represented that their vehicles were equipped with airbags.

121.     Defendants concealed and suppressed the fact that the Class Vehicles had a defect in the ACUs since at least August 2011, in the case of ZF-TRW—the time when the airbag non-deployment crashes were first attributed to damage of the ASIC by EOS. FCA has failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them since at least 2016, and knew or should have known about the defect at least as early as 2015. This was a material fact about which the Defendants had knowledge and that they concealed from Plaintiffs and Class Members to mislead them.

122.     Plaintiffs and Class Members did not know this fact and could not have discovered it through reasonably diligent investigation.

123.     Defendants had a duty to disclose that the Defect existed because 1) the Defendants had exclusive knowledge of the suppressed facts; and 2) the Defendants took affirmative actions to conceal the material facts, including by not timely notifying NHTSA and consumers, by making representations about the existence of airbags that were misleading without the disclosure of the fact that the Class Vehicles contained defects which made the airbags essentially ineffectual

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

when needed in a collision, and by making a partial recall in 2016 that had the effect of concealing the fact that the defect also existed in the unrecalled Class Vehicles.

124.   ZF-TRW, by virtue of its direct participation in communications with NHTSA about the defect, was complicit in concealing the defect for years.

125.   When each named Plaintiff decided to buy a Class Vehicle they received no information from ZF-TRW or FCA regarding the defective and potentially dangerous Airbag Control Unit, and neither ZF-TRW nor FCA has provided any information since. The failure to disclose the defect was consistent and pervasive. In advertising and materials provided with each Class Vehicle the ACU defect was uniformly concealed from Plaintiffs and consumers.

126.   Defendants intentionally concealed, suppressed and failed to disclose the ACU defect in the Class Vehicles and the nature of risk that the airbags would not deploy in an accident. The full and complete nature of the defect was concealed from Plaintiffs, Class members, and the general public. Defendants knew or should have known the true facts. But at no time did any of the Defendants reveal the truth to Plaintiffs or the Class. Instead, each Defendant concealed the truth, intending that Plaintiffs and the Class would rely on their concealment, which Plaintiffs and the Class did.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

127.   A reasonable consumer would not have expected that when a vehicle is advertised as equipped with airbags that the airbags would not deploy in real-world accidents. Plaintiffs and members of the Class did not know of the facts which were concealed from them by Defendants. Moreover, Plaintiff and the members of the Class did not, and could not, unravel the deception on their own, because the only way to find out about the defect would be to experience a car accident in which the airbags did not deploy.

128.   Defendants had a duty to disclose the true nature of the defect in light of their representation that the vehicles were equipped with airbags because a reasonable consumer would believe that if a vehicle has airbags, the airbags would function when needed. Having volunteered information about the airbags, Defendants had a duty to disclose the whole truth.

129.   On information and belief, Defendants have still not made full and adequate disclosures and continue to defraud Plaintiffs and the members of the Class by concealing material information regarding the defects in the ACUs and the likelihood that the airbags will fail to deploy when needed.

130.   But for Defendants' fraud, Plaintiffs and the members of the Class would not have purchased the Class Vehicles, or would have paid less for them. Plaintiffs and members of the Class have sustained damage because they purchased vehicles that were not as represented and because they own Class Vehicles that

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

should never have been placed in the stream of commerce because of their inherent

safety risks, because the vehicles are diminished in value as a result of Defendants'

fraud, and because the vehicles are not worth the full price paid at the time of

purchase. Accordingly, Defendants are liable to Plaintiffs and the members of the

Class for damages in an amount to be proved at trial.

131.   Defendants' acts were done wantonly, oppressively, deliberately, with

intent to defraud and in reckless disregard of the rights of Plaintiffs and the Class

and the safety of consumers and the public at large; and to enrich themselves

through additional vehicle sales. Their misconduct warrants an assessment of

punitive damages sufficient to deter such conduct in the future, which amount shall

be determined according to proof at trial.

## COUNT III
### Violation of the Michigan Consumer Protection Act
### (Mich. Comp. Laws § 445.903, *et seq.*)

132.   Plaintiffs incorporate by reference all preceding allegations as though

fully set forth herein.

133.   Plaintiffs bring this cause of action on behalf of themselves and the

Nationwide Class, against all Defendants.

134.   Michigan law applies to the Nationwide Class because the unfair,

unconscionable, or deceptive methods, acts, or practices complained of emanated

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

primarily from Michigan, where both FCA and ZF-TRW have their principal places of business.

135.   FCA and ZF-TRW are "persons" within the meaning of Mich. Comp. Laws § 445.902(1)(d).

136.   FCA and ZF-TRW are engaged in "trade" or "commerce" within the meaning of Mich. Comp. Laws § 445.902(1)(g).

137.   The Michigan Consumer Protection Act ("Michigan CPA") makes unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce…" Mich. Comp. Laws § 445.903(1).

138.   In the course of their business, Defendants FCA and ZF-TRW, through their agents, employees, and/or subsidiaries, violated the Michigan CPA.

139.   As described above and below, Defendants engaged in unfair, unconscionable, or deceptive methods, acts, or practices that violated the Michigan CPA by, among other things, by representing that the Class Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Vehicles are of a particular standard, quality, and grade when they are not; advertising Class Vehicles with the intent not to dispose of them as advertised; using deceptive representations in connection with Class Vehicles; and failing to reveal a material fact about the Class Vehicle's airbag defect, the

omissions of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

140.   In the course of their business Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them as described herein and otherwise engaged in activities with a tendency or capacity to deceive.

141.   Defendants also engaged in unlawful trade practices by representing that the Class Vehicles and/or the defective ACUs installed in them have characteristics, uses, benefits, and qualities which they do not have; representing that they are of a particular standard and quality when they are not, advertising them with intent to sell or lease them as advertised; and omitting material facts in describing them. Defendants are directly liable for engaging in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the Michigan CPA.

142.   Defendants have known of the defect since 2011 in the case of ZF-TRW and, at the latest, 2015 in the case of FCA, when the airbag non-deployment crashes were first attributed to damage of the ASIC by EOS. Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

143.    By failing to disclose and actively concealing the defect in the Class Vehicles and by marketing them as being equipped with airbags, and by presenting themselves as reputable manufacturers that value safety, Defendants engaged in unfair, unconscionable, and deceptive practices in violation of the Michigan CPA. Defendants deliberately withheld the information about the propensity of the defective ACUs to fail to deploy airbags and seat belt pretensioners in a crash event due to the ASICs being damaged by EOS, instead of protective vehicle occupants from bodily injury during accidents, in order to ensure that consumers would purchase the Class Vehicles.

144.    Plaintiff and Class Members had no way of discerning that Defendants had deceptively concealed this defect unless and until the defect manifests itself in a vehicle collision. Plaintiffs and Class Members could not unravel this deception on their own.

145.    Defendants intentionally and knowingly misrepresented material facts regarding the Class Vehicles and or the defective ACUs with an intent to mislead the Plaintiffs and Class members.

146.    Defendants' actions constitute a violation of the Michigan CPA. Defendants knew or should have known that their conduct violated the Michigan CPA.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

147.   Defendants failed to disclose material information about the safety and reliability of the Class Vehicles.

148.   To protect their profits and to avoid remediation costs, Defendants concealed the dangers and risks posed by the Class Vehicles and allowed unsuspecting consumers to purchase Class Vehicles and drive highly unsafe vehicles.

149.   Defendants owed Plaintiffs a duty to disclose the defect and its resulting safety risk because they:

a.    Possessed exclusive knowledge that they were supplying parts for, manufacturing, and distributing vehicles throughout the United States with dangerous defects;

b.    Intentionally concealed the dangerous defects from Plaintiffs and Class Members; and/or

c.    Made incomplete representations about the safety and reliability of the Class Vehicles generally, while purposefully withholding material facts from the Plaintiffs and the Class that contradicted those representations.

150.   Defendants' unfair and deceptive acts or practices were likely to and did deceive reasonable consumers, including Plaintiffs, about the safety, and value of the Class Vehicles. A reasonable consumer would assume that if a vehicle was

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

advertised as having airbags that the airbags would function properly when necessary. By contrast, Defendants advertised their vehicles as being equipped with airbags when disclosing the dangerous defect that could prevent the potentially lifesaving airbag from deploying in a vehicle collision.

151.    Plaintiffs and Class members have suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' concealment of and failure to disclose material information. Plaintiffs and Class members who purchased or leased Class Vehicles would not have done so at all, if their true nature was known.

152.    Meanwhile, Defendants had an ongoing duty to consumers to refrain from unfair and deceptive practices under the Michigan CPA. All owners of Class Vehicles suffered ascertainable loss as a result of Defendants' deceptive and unfair acts and practices made in the course of Defendants' business.

153.    Defendants' violations present a continuing risk to Plainitffs as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

154.    The Class Vehicles and the defective ACUs installed in them are inherently dangerous and present an unreasonable risk of harm and serious bodily injury to the Class, passengers, other motorists, pedestrians and the public at large, because the defective ACUs will not deploy lifesaving safety measures of airbags

or seatbelt pretensioners, which increases the risk of serious bodily injury during accidents.

155.   Defendants knew the Class Vehicles and/or the defective ACUs installed in them contained a defect that could cause failure to deploy of airbags and seatbelt pretensioners, but Defendants failed for many years to inform NHTSA of this defect. FCA and ZF-TRW were each actively involved in the investigation of the defect, communicated directly with NHTSA, and failed to inform the public of the defect. Consequently, the public, including the Class, received no notice of the defect.

156.   As a direct and proximate result of Defendants' violations of the CLRA, the Class members have suffered an injury-in-fact and/or actual damage as a result of Defendants' acts and omissions in violation of the CLRA, and the violations present a continuing risk to the Class as well as the general public.

157.   Plaintiffs further seek an order enjoining Defendants' unfair or deceptive acts or practices.

**B.    Claims Brought On Behalf of the State Classes**

**COUNT IV**
**Violation of the Nevada Deceptive Trade Practices Act**
**(Nev. Rev. Stat. § 598.0903, et. seq.)**

158.    Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

159.   Plaintiff Heilman-Ryan brings this action on behalf of herself and the Nevada State Class against FCA and ZF-TRW.

160.   The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), Nev. Rev. Stat. § 598.0903, *et. seq*., prohibits deceptive practices.

161.   In the course of their business FCA and ZF-TRW, through their agents, employees, and/or subsidiaries, violated the Nevada DTPA by intentionally or negligently concealing and suppressing material facts concerning the serious and dangerous defect affecting Class Vehicles. Defendants concealed the truth about the defect and failed to make any effort to remedy the defect despite the fact that they knew or should have known about the defect for years.

162.   In so doing, and by marketing, offering for sale, and selling the defective Class Vehicles, Defendants engaged in on or more of the following unfair or deceptive acts or practices as defined in Nev. Rev. Stat. §§ 598.0915, 598.0923, and 598.0925:

a.   Representing that the Class Vehicles have approval, characteristics, uses or benefits that they do not have;

b.   Representing that the Class Vehicles are of a particular standard, quality and grade when they are not;

c.   Advertising the Class Vehicles with the intent not to sell or lease them as advertised;

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

d.      Failing to disclose a material fact in connection with the sale or lease of Class Vehicles;

e.      Violating state and federal statutes and regulations relating to the sale of Class Vehicles; and/or

f.      Intending to injure competitors and destroy or substantially lessen competition.

163.   Defendants' scheme and concealment of the true characteristics of the airbags and ACU defect were material to Plaintiff and the Nevada State Class, as Defendants intended. Had they known the truth, Plaintiff and the Nevada State Class would not have purchased or leased the Class Vehicles, or—if the Class Vehicles' true nature had been disclosed and mitigated, and the Vehicles rendered legal and safe to sell—would have paid significantly less for them.

164.   Plaintiff and the Nevada State Class members had no way of discerning that Defendants' representations were false and misleading, or otherwise learning the facts that Defendants had concealed or failed to disclose. Plaintiff and the Nevada State Class members did not, and could not, unravel Defendants' deception on their own.

165.   Defendants had an ongoing duty to Plaintiff and the Nevada State Class to refrain from unfair and deceptive practices under the Nevada DTPA in the course of their business. Specifically, Defendants owed Plaintiff and the Nevada

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

State Class members a duty to disclose all the material facts concerning the airbags and ACU defect because they possessed exclusive knowledge, they intentionally concealed it from Plaintiff and the Nevada Class, and/or they made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

166.   Plaintiff and Nevada State Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' concealment, misrepresentations, and/or failure to disclose material information.

167.   Defendants' violations present a continuing risk to Plaintiff and the Nevada Class, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

168.   Pursuant to Nev. Rev. Stat. §§ 41.600 and 598.0977, Plaintiff and the Nevada Class seek an order enjoining Defendants' unfair and/or deceptive acts or practices, and an order awarding damages and any other just and proper relief under the Nevada DTPA.

## COUNT V
### Breach of the Implied Warranty of Merchantability (Nevada)
### (Nev. Rev. Stat. §§ 104.2314 and 104A.2212)

169.   Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

170.   Plaintiff Heilman-Ryan (for purposes of this section, "Plaintiff") brings this action on behalf of herself and the Nevada State Class against FCA.

171.   FCA was at all relevant times a "merchant" with respect to motor vehicles under Nev. Rev. Stat. § 104.2104(1) and a "lessor" of motor vehicles under Nev. Rev. Stat. § 104A.2103(1)(p).

172.   The Class Vehicles are and were at all relevant times "goods" within the meaning of Nev. Rev. Stat. §§ 104.2105(1) and 104A.2103(1)(h).

173.   A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Nev. Rev. Stat. §§ 104.2314 and 104A.2212.

174.   FCA sold and/or leased Class Vehicles that were not in merchantable condition and/or fit for their ordinary purpose in violation of the implied warranty. The Class Vehicles were not in merchantable condition and were not fit for their ordinary purpose because the Class Vehicles contained an inherent defect at the time of sale. This defect made the Class Vehicles inherently dangerous because the defect may cause the airbags to fail to deploy in a crash event, leading to an unreasonable likelihood of serious bodily injury or death to vehicle occupants.

175.   FCA's breaches of implied warranty of merchantability caused damage to Plaintiff and the Nevada State Class. The amount of damages will be proven at trial.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT VI
## Violation of the Wyoming Consumer Protection Act
### (Wyo. Stat. §§ 40-12-101, *et seq.*)

176.   Plaintiffs incorporate by reference each preceding paragraph as though fully set forth herein.

177.   Plaintiff Meyer brings this action on behalf of herself and the Wyoming State Class against ZF-TRW and FCA.

178.   FCA, ZF-TRW, Plaintiff and members of the Wyoming State Class are "persons" within the meaning of Wyo. Stat. § 40-12-102(a)(i).

179.   The Class Vehicles are "merchandise" pursuant to Wyo. Stat. § 40-12-102(a)(vi).

180.   Each sale or lease of the Class Vehicle to a Wyoming State Class member was a "consumer transaction" as defined by Wyo. Stat. § 40-12-102(a)(ii). These consumer transactions occurred "in the course of [Defendants'] business" under Wyo. Stat. § 40-12-105(a).

181.   In the course of their business, Defendants ZF-TRW and FCA, through their agents, employees, and/or subsidiaries, violated the Wyoming CPA.

182.   As detailed above, FCA and ZF-TRW misrepresented and concealed a material fact about the airbags and ACU defect that violated the Wyoming CPA. By failing to disclose and actively concealing the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them, FCA and ZF-TRW

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

engaged in deceptive practices in violation of the Wyoming CPA. In so doing, and my marketing, offering for sale, and selling the defective Class Vehicles and defective ACUs, Defendants engaged in one or more of the following unfair or deceptive acts or practices as defined in Wyo. Stat. §§ 40-12-105(a):

      a.    Representing that the Class Vehicles have approval, accessories, or uses that they do not have;

      b.    Representing that the Class Vehicles are of a particular standard, quality and grade when they are not;

      c.    Advertising the Class Vehicles with the intent not to sell or lease them as advertised; and/or

      d.    Engaging in other conduct which created a likelihood of confusion or of misunderstanding.

183.   Defendants' scheme and concealment of the true characteristics of the airbags and ACU defect were material to Plaintiff and the Wyoming State Class, as Defendants intended. Had they known the truth, Plaintiff and the Wyoming State Class would not have purchased or leased the Class Vehicles, or—if the Class Vehicles' true nature had been disclosed and mitigated, and the Vehicles rendered legal to sell—would have paid significantly less for them.

184.   Plaintiff and the Wyoming State Class members had no way of discerning that Defendants' representations were false and misleading, or

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

otherwise learning the facts that Defendants had concealed or failed to disclose. Plaintiff and the Wyoming State Class members did not, and could not, unravel Defendants' deception on their own, and learned of Defendants' unlawful and deceptive practices only when news of the NHTSA investigation broke in 2019.

185.   Defendants had an ongoing duty to Plaintiff and the Wyoming State Class to refrain from unfair and deceptive practices under the Wyoming CPA in the course of their business. Specifically, Defendants owed Plaintiff and the Wyoming State Class a duty to disclose all the material facts concerning the airbags because they possessed exclusive knowledge and the defected was inherently dangerous. Defendants intentionally concealed it from Plaintiff and the Wyoming State Class, and/or they made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

186.   Plaintiff and the Wyoming State Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' concealment, misrepresentations, and/or failure to disclose material information.

187.   Defendants' violations present a continuing risk to Plaintiff and the Wyoming State Class, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

188.   Pursuant to Wyo. Stat. §§ 40-12-108(a) and 40-12-108(b), Plaintiff and the Wyoming State Class seek an order enjoining Defendants' unfair and/or

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

deceptive acts or practices, and awarding damages, punitive damages, and any other just and proper relief available under the Wyoming CPA.

189.   On May 17, 2019, a notice letter was sent to FCA pursuant to Wyo. Stat. § 40-12-109. Both the vehicle defect and Defendants' unlawful and deceptive concealment of it have remained uncured since Defendants became aware of the defect, which occurred in 2011 in the case of ZF-TRW and, at the latest, 2015 in the case of FCA. Waiting longer for an offer to cure the deceptive trade practice after sending the notice letter would be futile when 1) Defendants have been aware of this inherent safety defect and have failed to act for years; 2) curing the deceptive act by recalling and repairing all of the vehicles within 15 days would not be feasible; and when 3) the safety of the consumers and the American people necessitates initiating this lawsuit without waiting for Defendants to cure a defect they have previously failed to remedy after multiple other lawsuits alleging the same conduct have been filed and Defendants have persisted in their deceptive acts and failed to cure the ACU defect.

190.   Additionally, all Defendants were provided notice of the issues raised in this count and this Complaint by the governmental investigations, the numerous complaints filed against them, and many individual notice letters sent by consumers within a reasonable amount of time after the allegations of the Class Vehicle defects and ACU defects became public. Because defendants failed to

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

remedy their unlawful conduct within the requisite time period, Plaintiff seeks all damages and relief to which Plaintiff and the Wyoming State Class are entitled.

## COUNT VII
### Breach of the Implied Warranty of Merchantability (Wyoming)
### (Wyo. Stat. §§ 34.1-2-314 and 34.1-2.A-212)

191.   Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

192.   Plaintiff Keister brings this action on behalf of himself and the Wyoming State class against FCA.

193.   FCA was at all relevant times a "merchant" with respect to motor vehicles under Wyo. Stat. §§ 34.1-2-104(a) and 34.1-2.A-103(a)(xx), and a "seller" of motor vehicles under § 34.1-2-103(a)(iv).

194.   With respect to leases, FCA was at all relevant times a "lessor" of motor vehicles under Wyo. Stat. § 34.1-2.A-103(a)(viii).

195.   The Class Vehicles are and were at all relevant times "goods" within the meaning of Wyo. Stat. §§ 34.1-2-105(a) and 34.1-2.A-103(a)(viii).

196.   A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied pursuant to Wyo. Stat. §§ 34.1-2-314 and 34.1-2.A-212.

197.   FCA sold and/or leased Class Vehicles that were not in merchantable condition and/or fit for their ordinary purpose in violation of the implied warranty.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The Class Vehicles were not in merchantable condition because the defect in the ACUs that was not disclosed violated state and federal laws. The Class Vehicles were not fit for their ordinary purpose because the defect made the vehicles inherently dangerous.

198.   FCAs breach of the implied warranty of merchantability caused damage to Plaintiff and the Wyoming State Class. The amount of damages due will be proven at trial.

## COUNT VIII
### Breach of the Implied Warranty of Merchantability (Wisconsin)
### (Wisc. Stat. §§ 402.314 and 411.212)

199.   Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

200.   Plaintiff Keister brings this action on behalf of himself and the Wisconsin State class against FCA.

201.   FCA was at all relevant times a "merchant" with respect to motor vehicles under Wis. Stat. § 402.104(3) and 411.103(1)(t), and a "seller" of motor vehicles under §402.103(1)(d).

202.   With respect to leases, FCA was at all relevant times a "lessor" of motor vehicles under Wis. Stat. § 411.103(1)(p).

203.   The Class Vehicles were at all relevant times "goods" within the meaning of Wis. Stat. §§ 402.105(1)(c) and 411.103(1)(h).

COMPLAINT—CLASS ACTION- 61

204.   A warranty that the Class Vehicles were in merchantable condition for the ordinary purpose for which vehicles are used is implied by law pursuant to Wis. Stat. §§ 402.314 and 411.212.

205.   FCA sold and/or leased Class Vehicles that were not in merchantable condition and/or fit for their ordinary purpose in violation of the implied warranty. The Class Vehicles were not in merchantable condition and were not fit for their ordinary purpose of providing safe and reliable transportation because the airbags contained an inherent defect at the time of sale. This defect may cause airbags to fail to deploy in a crash event, leading to an unreasonable likelihood of serious bodily injury or death to vehicle occupants.

206.   FCA's breaches of the implied warranty of merchantability caused damage to Plaintiff and the Wisconsin State Class. The amount of damages due will be proven at trial.

## COUNT IX
## Violation of the Wisconsin Deceptive Trade Practices Act
### (Wisc. Stat. § 100.18)

207.   Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

208.   Plaintiff Keister brings this action on behalf of himself and the Wisconsin State Class against ZF-TRW and FCA.

COMPLAINT—CLASS ACTION- 62

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

209.   Plaintiff and the Wisconsin State Class are members of "the public" and are "persons" within the meaning of Wis. Stat. § 100.18(1).

210.   FCA and ZF-TRW are a "person, firm, corporation or association" within the meaning of Wis. Stat. § 100.18(1).

211.   The Wisconsin Deceptive Trade Practices Act ("Wisconsin DTPA") makes unlawful any "representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

212.   In the course of their business, Defendants ZF-TRW and FCA, through their agents, employees, and/or subsidiaries, violated the Wisconsin DTPA.

213.   As described above and below, Defendants engaged in deceptive representations that violated the Wisconsin DTPA by representing that the Class Vehicles have characteristics, uses, benefits and qualities which they do not have; representing that the Class Vehicles are of a particular standard, quality and grade when they are not; and/or advertising the Class Vehicles with the intent not to sell or lease them as advertised.

214.   In the course of their business Defendants failed to disclose and actively concealed the dangers and risks posed by the Class Vehicles and/or the defective ACUs installed in them as described herein and otherwise engaged in activities with a tendency or capacity to deceive.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

215.  Defendants also engaged in unlawful trade practices by representing that the Class Vehicles and/or the defective ACUs installed in them have characteristics, uses, benefits and qualities which they do not have, advertising them with the intent not to sell or lease them as advertised; and omitting material facts in describing them. Defendants are directly liable for engaging in unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the Wisconsin DTPA.

216.  By marketing, offering for sale, and selling the defective Class Vehicles, Defendants engaged in unfair or deceptive acts in violation of Wis. Stat. § 100.18(a) by making advertisements, statements, and/or representations containing untrue, deceptive, and/or misleading statements of fact. Specifically, FCA advertised the vehicles as having airbags, which a reasonable consumer would believe to mean airbags that would function when needed in a collision. These advertisements were untrue because the ACU devices were defective. FCA also instituted a partial recall that had the misleading effect of concealing that the defect also existed in unrecalled Class Vehicles. FCA knew about the defect as early as 2011 and failed to disclose the true nature of the dangerous defect to consumers or to regulators.

217.  Defendants' scheme and concealment of the true characteristics of the airbags and ACU defect were material to Plaintiff and the Wisconsin State Class,

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

as Defendants intended. Had they known the truth, Plaintiff and the Wisconsin State Class would not have purchased or leased the Class Vehicles, or---if the Class Vehicles' true nature had been disclosed and mitigated, and the Vehicles rendered legal to sell---would have paid significantly less for them.

218.   Plaintiff and Wisconsin State Class Members had no way of discerning that Defendants' representations were false and misleading, or otherwise learning the facts that Defendants had concealed or failed to disclose. Plaintiff and the Wisconsin State Class members did not, and could not, unravel Defendants' deception on their own.

219.   Defendants had an ongoing duty to Plaintiff and the Wisconsin State Class to refrain from unfair and deceptive trade practices under the Wisconsin DTPA in the course of their business. Specifically, Defendants owed Plaintiff and the Wisconsin State Class members a duty to disclose all the material facts concerning the airbags and ACU defect, because they possessed exclusive knowledge, they intentionally concealed it from Plaintiffs and the Wisconsin State Class, and/or they made misrepresentations that were rendered misleading because they were contracted by withheld facts.

220.   Plaintiff and the Wisconsin State Class members suffered ascertainable loss and actual damages as a direct and proximate result of

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants' concealment, misrepresentations, and/or failure to disclose material information.

221.   Defendants' violations present a continuing risk to Plaintiff and the Wisconsin State Class, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

222.   Pursuant to Wis. Stat. § 100.18(11)(b)(2), Plaintiff and the Wisconsin State Class seek an order enjoining Defendants' unfair and/or deceptive acts or practices, and awarding damages, punitive damages, and any other just and proper relief available under the Wisconsin DTPA.

## COUNT X
## Violation of the South Dakota Deceptive Trade Practices and Consumer Protection Act
## (S.D. Codified Laws § 37-24-6)

223.   Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

224.   Plaintiff Meyer brings this action on behalf of herself and the South Dakota State Class against ZF-TRW and FCA.

225.   ZF-TRW, FCA, Plaintiff and South Dakota State Class members are "persons" within the meaning of S.D. Codified Laws § 37-24-1(8).

226.   ZF-TRW and FCA are engaged in "trade" or "commerce" within the meaning of S.D. Codified Laws §37-24-1(13).

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

227.    The South Dakota Deceptive Trade Practices and Consumer

Protection Act ("South Dakota CPA") prohibits deceptive acts or practices. A

deceptive act or practice is to "[k]nowingly act, use, or employ any deceptive act

or practice, fraud, false pretense, false promise, or misrepresentation or to conceal,

suppress, or omit any material fact in connection with the sale or advertisement of

any merchandise, regardless of whether any person has in fact been misled,

deceived, or damaged thereby." S.D. Codified Laws § 37-24-6(1).

228.    In the course of their business, Defendants FCA and ZF-TRW through

their agents, employees, and/or subsidiaries, violated the South Dakota CPA.

229.    As detailed above, Defendants willfully failed to disclose and actively

concealed the dangerous risks posed by the defect discussed above. This deception

was compounded by advertisements that the affected vehicles contained airbags

(while not disclosing the known risks and defects associated with such airbags that

consumers are unaware of). These practices have a tendency to mislead consumers

and create a false sense of safety. Such omissions and concealment were material.

230.    Further, FCA touted the Class Vehicles' safety and indicated that the

vehicles were equipped with airbags while concealing and omitting the defect that

rendered the Class Vehicles unsafe. In so doing, and by marketing, offering for

sale, and selling the defective Class Vehicles, Defendants used or employed

deception, fraud, false pretense, false promise or misrepresentation, or the

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

concealment, suppression or omission of a material fact with intent that others rely upon such concealment, suppression or omission, in connection with the advertisement and sale/lease of the Class Vehicles.

231.   Defendants' scheme and concealment of the true characteristics of the ACU defect were material to Plaintiffs and the South Dakota State Class, as Defendants intended. Had they known the truth, Plaintiffs and the South Dakota State Class would not have purchased or leased the Class Vehicles, or—if the Class Vehicles' true nature had been disclosed and mitigated, and the Vehicles rendered legal to sell—would have paid significantly less for them.

232.   Plaintiffs and South Dakota State Class had no way of discerning that Defendants' representations were false or misleading, or otherwise learning the facts that Defendants had concealed or failed to disclose. Plaintiffs and the South Dakota State Class did not, and could not, unravel Defendants' deception on their own.

233.   Defendants had an ongoing duty to Plaintiffs and the South Dakota State Class to refrain from unfair and deceptive practices under the South Dakota CPA in the course of their business. Specifically, Defendants owed Plaintiffs and South Dakota State Class members a duty to disclose all material facts concerning the airbags because they possessed exclusive knowledge and they intentionally concealed it from Plaintiffs and the South Dakota Class.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

234.   Plaintiffs and South Dakota State Class suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' concealment, misrepresentations, and/or failure to disclose material information.

235.   Defendants' violations present a continuing risk to Plaintiffs and the South Dakota State Class, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

236.   Pursuant to S.D. Codified Laws § 37-24-31, Plaintiffs and the South Dakota State Class seek an order enjoining Defendants' unfair and/or deceptive acts or practices, and awarding damages and any other just and proper relief available under the South Dakota CPA.

**COUNT XI**
**Breach of the Implied Warranty of Merchantability (South Dakota)**
**(S.D. Codified Laws §§ 57A-2-314 and 57A-2A-212)**

237.   Plaintiffs reallege and incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

238.   Plaintiff Meyer brings this action on behalf of herself and the South Dakota State Class against FCA.

239.   FCA was at all relevant times a "merchant" with respect to motor vehicles under S.D. Codified Laws §§ 57A-2-104(1) and 57A-2A-103(1)(t), and a "seller" of motor vehicles under § 57A-2-103(1)(d).

COMPLAINT—CLASS ACTION- 69

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

240.    With respect to leases, FCA was at all relevant times a "lessor" of motor vehicles under S.D. Codified Laws § 57A-2A-103(1)(p).

241.    The Class Vehicles are and were at all relevant times "goods" within the meaning of S.D. Codified Laws §§ 57A-2-105(1) and 57A-2A-103(1)(h).

242.    A warranty that the Class Vehicles were in merchantable condition and fit for their ordinary purpose for which vehicles are used is implied by law pursuant to S.D. Codified Laws §§ 57A-2-314 and 57A-2A-212.

243.    FCA sold and/or leased Class Vehicles that were not in merchantable condition and/or fit for their ordinary purpose in violation of the implied warranty. The Class Vehicles were not in merchantable condition because their design violated state and federal laws. The Class Vehicles were not fit for their ordinary purpose because the Class Vehicles and their air bags contained an inherent defect at the time of sale and were thus not fit for the purpose of providing safe and reliable transportation. This defect may cause airbags to fail to deploy in a crash event, leading to an unreasonable likelihood of serious bodily injury or death to vehicle occupants.

244.    FCA knew or should have known the use for which Class Vehicles were purchased—namely, providing safe and reliable transportation. FCA impliedly warranted that the Class Vehicles—and their air bags—manufactured and distributed by FCA were of merchantable quality and fit for such use.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

245. FCA's breaches of the implied warranty of merchantability caused damage to the Plaintiffs and the South Dakota State Class. The amount of damages due will be proven at trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Nationwide Class and State Classes, respectfully request that the Court enter judgment against FCA and ZF-TRW as follows:

a. A declaration that any applicable statutes of limitations are tolled due to the fraudulent concealment alleged in this complaint, and that Defendants are estopped from relying on any statutes of limitations in defense;

b. An order enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

c. An award to Plaintiffs and Class members of compensatory, exemplary, and punitive remedies and damages and statutory penalties, including interest, in an amount to be proven at trial;

d. Injunctive and equitable relief in the form of a recall and program to repair, modify, and/or buy back all Class Vehicles, and to fully

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

reimburse and make whole all Class members for all costs and economic

losses;

      e.     Costs, restitution, compensatory damages for economic and

out-of-pocket costs, multiple damages under applicable states' laws, punitive

and exemplary damages under applicable law;

      f.     A Defendant-funded program, using transparent, consistent, and

reasonable protocols, under which out-of-pocket and loss-of-use expenses

and damages claims associated with Defective ACUs in Plaintiffs' and Class

Members' Class Vehicles, can be made and paid, such that FCA and ZF-

TRW, not the Class Members, absorb the losses and expenses fairly

traceable to the recalls of the vehicles and correction of the Defective ACUs;

      g.     A declaration that the FCA Defendants and ZF-TRW must

disgorge, for the benefit of Plaintiffs and Class Members, all or part of the

ill-gotten profits they received from their sale or lease of the Class Vehicles

or make full restitution to Plaintiffs and Class Members;

      h.     All applicable statutory and civil penalties;

      i.     An award of costs and attorneys' fees;

      j.     An order requiring Defendants to pay both pre- and post-

judgment interest on any amounts awarded;

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

k.      Leave to amend this Complaint to conform to the evidence

produced in discovery and at trial; and

l.      Such other or further relief as the Court may deem appropriate,

just, and equitable.

## IX.   DEMAND FOR JURY TRIAL

246.   Plaintiffs hereby demand a jury trial for all claims so triable.


DATED: May 17, 2019

Respectfully submitted by
*/s/Lynn Lincoln Sarko*
Lynn Lincoln Sarko
Gretchen Freeman Cappio
Tana Lin, MI #P63125
Ryan McDevitt
Erika Keech (*admission forthcoming*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
tlin@kellerrohrback.com
rmcdevitt@kellerrorhback.com
ekeech@kellerrohrback.com

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384